UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DUKE NEAL MEDICAL, LLC          *   CIVIL ACTION NO.:
   Plaintiff                            *
                                        *
VERSUS                              *   JUDGE
                                        *
BLACKBOARD INSURANCE COMPANY         *
   Defendant                            *   MAG.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, defendant, Blackboard Insurance Company ("Defendant" or "Blackboard"), by and through undersigned counsel, hereby gives notice and remove this action from 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendant aver as follows:

I.      FACTUAL BACKGROUND

1.      On August 28, 2023, plaintiff, Duke Neal Medical, LLC ("Plaintiff"), commenced this action through the filing of a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, styled *Duke Neal Medical, LLC v. Blackboard Insurance Company,* bearing Docket No. 197968, Division E.[1]

2.      Blackboard was served through its agent for service of process with the Citation and the Petition for Damages on October 23, 2023.[2]

3.      Duke Neal Medical, LLC, is a limited liability company organized and existing

---

[1]    Exhibit "A", Copies of all process, pleadings and orders served upon Defendant.
[2]    Exhibit "B", State of Louisiana Secretary of State service information.

1

under the laws of Louisiana and domiciled in Louisiana.[3]

4.      Defendant, Blackboard, is a corporation organized and existing under the laws of the Delaware and maintains its principal place of business in New York.[4]

5.      Blackboard is the only defendant named in the Petition filed on August 28, 2023, and served on Defendant on October 23, 2023.[5]

6.      Plaintiff alleges that Hurricane Ida caused significant damage to its property located in Houma, Louisiana.[6]

7.      Plaintiff alleges that Defendant breached its contractual duties under its insurance policy by failing to compensate Plaintiff for amounts due under the policy.  Plaintiff further allege that Defendant's failure to pay the amount due constitutes arbitrary and capricious behavior in violation of La. R.S. § 22:1892 and § 22:1973.[7]

## II.   GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP JURISDICTION

8.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (A) complete diversity of citizenship exists between Plaintiff and the sole defendant and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A.    Complete Diversity of Citizenship

9.      In the case at bar, the Petition states that Duke Neal Medical, LLC, is a Louisiana limited liability company.[8]   For purposes of federal diversity jurisdiction, the citizenship of a LLC

---

[3]   Exhibit "A", Plaintiff's Petition at opening paragraph; and Exhibit "C", State of Louisiana Secretary of State Secretary of State Business Search on Plaintiff.
[4]   Exhibit "D", Delaware Secretary of State information.
[5]   Exhibit "A"; *see also* Exhibit "B".
[6]   Exhibit "A", Plaintiff's Petition at ¶7.
[7]   Exhibit "A", Plaintiff's Petition at ¶¶9 - 10, 12 - 14.
[8]   Exhibit "A", Plaintiff's Petition at opening paragraph.  *See also,* Exhibits "C", s*upra.*.

is determined by the citizenship of all of its members.[9]  According to the Louisiana Secretary of State, Duke Neal Medical, LLC, is a Louisiana limited liability company and has its principal place of business in Houma, Louisiana; further, the members of Duke Neal Medical, LLC, are Mark Neal, Anne Neal, and Alexis Duke.[10]  Mark Neal and Anne Neal are domiciled and reside in Thibodeaux, Louisiana.[11]  Alexis Duke is domiciled and resides in Houma, Louisiana.[12]  Thus, for purposes of diversity jurisdiction, Plaintiff is deemed to be a citizen of Louisiana.

10    Defendant is a corporation.  The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business."[13]  At all times relevant, Defendant, Blackboard, is a corporation existing under the laws of the Delaware and maintains its principal place of business in New York.[14]  Therefore, Defendant is citizen of the states of Delaware and New York for purposes of diversity jurisdiction.

11.    The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and Defendant are citizens of different states.

**B.    Amount in Controversy**

12.    Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall

---

9    *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
10    Exhibit "C", *supra.*
11    Exhibit "E" and "F", Tax Assessor Information.
12    *Id.*
13    *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)).
14    Exhibit "D", *supra.*

be included in the allegations or prayer for relief of any original, amended, or incidental demand."

13.     The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[15]  Under that framework, the removing defendant must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[16]  To satisfy this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[17]  The Fifth Circuit has allowed removing defendant to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiffs make it "facially apparent" that the amount in controversy is sufficient.[18]

14.     Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.  The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75, 000," or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[19]  To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiffs contests, or the court questions, the defendant's allegation.[20]  However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits,

---

[15]   *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.
[16]   *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).
[17]   *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).
[18]   *Id.*
[19]   *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20]   *See Dart, supra.*

stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[21]  A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiffs' claim.[22]

15.    Plaintiff's Petition does not allege a specific monetary amount of damages. However, in its Petition, Plaintiff alleges that the property located at 12 Professional Drive, Houma, Louisiana 70360 and insured by Blackboard sustained storm-related damages on August 29, 2021, resulting from Hurricane Ida.[23]

16.    Plaintiff also allege it is entitled to penalties and damages pursuant to La. R.S. § 22:1973 and §22:1893 in addition to damages for its covered losses.[24]  Plaintiff allege additional damages including, but not limited to, compensatory damages and consequential damages.[25]

17.    The amount remaining under the policy exceeds $785,000, which also indicates the plausibility that the amount in controversy in this case exceeds $75,000.[26] This Court has held that the amount remaining under the policy limit, along with a plaintiff's allegations of bad-faith penalties and damages for pain and anguish was sufficient to determine that the amount in controversy exceeded $75,000.[27]  Here, Blackboard has made payments of just over $716,000, thus the claim for penalties alone would exceed the $75,000 amount in controversy requirement.

18.    Louisiana Code of Civil Procedure Article 893 prohibits Plaintiffs from demanding a specific monetary amount of damages in their pleadings, that article provides that "if a specific

---

[21]    *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).
[22]    *See generally, Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[23]    Exhibit "A", Plaintiff's Petition at ¶ 7.
[24]    Exhibit "A", Plaintiff's Petition at ¶¶ 9 - 10, 12 - 14.
[25]    Exhibit "A", Plaintiff's Petition at ¶ 14.
[26]    Exhibit "G", Declarations Page of Policy.
[27]    *Capo v. State Farm Fire & Cas. Co.*, 2008 WL 2001978, at *1 (E.D. La. May 5, 2008).

amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is **required**."[28]  Given the mandatory language of Article 893, this Court has held that a plaintiffs "creates a 'strong presumption' in favor of [diversity] jurisdiction" by failing to include such a general allegation in his or her state court pleadings.[29]  Here, Plaintiff's Petition for Damages does not contain any general allegation that the monetary value of its claims in this case is insufficient to support an exercise of diversity jurisdiction by this Court.[30]  Plaintiff's failure to include such an allegation in her pleadings stands as further evidence that the amount in controversy requirement is satisfied under the facially apparent test.

19.    For each of the foregoing reasons, it is apparent from the face of the Petition that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.    TIMELINESS OF REMOVAL AND FORUM-DEFENDANT RULE

20.    Defendant has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.  Now,

[28]    La. Code Civ. Proc. art. 893(A)(1) (emphasis added).
[29]    *See*, *e.g.*, *Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *Treqknia Bannister v. ACE American Insurance Company, et al.*, No. 16-2830, 2016 WL 2347861, at *2, second footnote "1" (E.D. La. May 4, 2016) (finding that a plaintiff's failure to comply with the requirements of Article 893 to be an important consideration supporting a finding that the amount in controversy was sufficient for diversity jurisdiction at the time of removal).
[30]    *See generally* Exhibit "A", Plaintiff's Petition for Damages.

Defendant further show that this Removal is timely made under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.    This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

21.    The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b).  When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading that statute requires the notice of removal be filed within thirty (30) days following service on the removing defendant.[31]

22.    Defendant was served via the Louisiana Secretary of State on October 23, 2023.[32]

23.    This Notice of Removal was filed less than 30 days after Defendant received service of Plaintiff's Petition.  Accordingly, it is timely under 28 U.S.C. § 1441(b)(1).

### B.    This Removal Does Not Violate Rule 28 U.S.C. § 1441(b)(2)

24.    The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought."

25.    Here, Defendant is not a Louisiana citizen, and therefore, this Removal does not violate the forum-defendant rule.

### IV.    CONSENT TO REMOVAL

26.    When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[33]

27.    Blackboard is the only named defendant in Plaintiff's Petition and is joined in this

---

[31]    28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[32]    Exhibit "B", *supra*.
[33]    *See* 28 U.S.C. § 1446.

removal petition; therefore, the consent requirement is met.

## V.    PROCEDURAL COMPLIANCE AND CONCLUSION

28.    Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

29.    Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process, pleadings, and orders served upon the Defendant in the action pending in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendant is attached hereto as Exhibit "A".

30.    Pursuant to 28 U.S.C. § 1446(d), the Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

31.    By removing this action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Defendant does not waive, and hereby reserves, all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, insufficiency of process, prematurity, failure to state a claim upon which relief may be granted, or any other procedural remedies available to it.

32.    By removing this action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Defendant does not admit any of the allegations in the Petition.

33.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge,

information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, defendant, Blackboard Insurance Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

Respectfully submitted,

*/s/Tara E. Clement*
ROBERT I. SIEGEL (Bar No. 12063)
TARA E. CLEMENT (Bar No. 27406)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
Email:        rsiegel@glllaw.com
              tclement@glllaw.com
*Attorneys for Blackboard Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of November, 2023, a copy of the foregoing pleading has been served upon all counsel of record via the Court's electronic filing system and also sent on this date to all counsel of record via email, facsimile, and/or via U.S. Mail, postage prepaid and properly addressed to:

David W. Ardoin
Preston L. Layes
Matthew D. Ory
Ryan P. Monsour
**AMO TRIAL LAWYERS, LLC**
213-B East Bayou Road
Thibodaux, Louisiana 70301
Email: david@amotriallawyers.com

*/s/Tara E. Clement*
TARA E. CLEMENT